**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAYTHAM KARIM ABO, | No. 08-73422 |
| Petitioner, | Agency No. A078-759-613 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued February 14, 2013
Submitted May 30, 2013
Pasadena, California

Before: BERZON and WATFORD, Circuit Judges, and RAKOFF, Senior District
Judge.[**]

Petitioner Haytham Karim Abo ("Abo"), a native and citizen of Iraq,

petitions for review of the Board of Immigration Appeals' ("BIA" or "Board")

denial of his motion to reopen his application for asylum and withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Jed S. Rakoff, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

removal based on changed conditions in Iraq. We review "denials of motions to reopen for abuse of discretion," *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We grant Abo's petition and remand to the BIA for further proceedings.

**1.** "The BIA abuses its discretion when it fails to consider and address in its entirety the evidence submitted by a petitioner and to issue a decision that fully explains the reasons for denying a motion to reopen." *Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) (internal quotation marks omitted); *see also Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). While the Board may deny a motion to reopen on the ground that the petitioner is "not . . . entitled to the discretionary grant of relief which he sought," *INS v. Doherty*, 502 U.S. 314, 323 (1992), it nonetheless "must articulate its reasons for denying such a motion," *Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005), and "indicate . . . *how* [it] arrived at [its] conclusion," *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (emphasis added) (internal quotation marks omitted).

First, the Board's statement that Abo's motion to reopen was "based [only] on his claim for withholding of removal or protection under the United Nations Convention Against Torture" is inaccurate. The motion specifically requests reopening of Abo's asylum application as well.

Second, the BIA's one-sentence assertion that "[Abo] is ineligible for asylum on discretionary grounds" is legally incorrect. "Asylum is a two-step process, requiring the applicant first to establish his *eligibility* for asylum by demonstrating that he meets the statutory definition of a 'refugee,' and second to show that he is *entitled* to asylum as a matter of discretion." *Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004). Thus, Abo's *eligibility* for asylum is a separate issue from whether he nonetheless should be denied asylum on discretionary grounds.

Finally, perhaps because it believed the asylum issue was not raised, the Board entirely failed to explain what "discretionary grounds" it was referring to in denying the motion. *See Matter of Pula*, 19 I. & N. Dec. 467, 473-75 (BIA 1987) (discussing the relevant discretionary factors).

Interpreting the Board's statement regarding asylum as referencing the immigration judge's ("IJ") earlier discretionary denial of Abo's asylum application does not assist the government.[1] A discretionary denial of asylum is, by definition, a determination that, in view of the "totality of the circumstances" presented, the applicant is not entitled to the relief sought. *Gulla v. Gonzales*, 498 F.3d 911, 917

---

[1] The IJ's prior discretionary denial is not before us, as Abo failed to contest it in his initial appeal of the IJ's denial of his claims.

3

(9th Cir. 2007) (quoting *Pula*, 19 I. & N. Dec. at 473-74)). A motion to reopen "seeks a fresh determination based on newly discovered evidence or a change in the applicant's circumstances." *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008). And, in evaluating a motion to reopen, "[t]he BIA is obligated to consider and address in its entirety the evidence submitted by a petitioner." *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005). If the Board relied on the IJ's discretionary determination, then it could not have taken into account any additional equities created by the worsened circumstances for Christians in Iraq. Thus, to the extent the Board relied on the IJ's prior discretionary denial in denying Abo's motion to reopen, that reliance was an abuse of discretion.

In short, nothing in the Board's opinion indicates that it reviewed "all relevant favorable and adverse factors," including Abo's evidence of changed conditions, in refusing to reopen the denial of asylum. *Gulla*, 498 F.3d at 916 (internal quotation marks omitted). We therefore remand to the Board to do so.

**2.** The Board denied reopening with respect to Abo's withholding of removal claim on the ground that Abo failed to establish prima facie eligibility for relief. "The standard for establishing a prima facie case is whether the evidence reveals a reasonable likelihood that the statutory requirements for relief have been

4

satisfied." *Fernandez v. Gonzales*, 439 F.3d 592, 600 n.6 (9th Cir. 2006) (internal quotation marks omitted).

An alien establishes eligibility for withholding of removal by "demonstrat[ing] a clear probability of persecution if removed, meaning that it is more likely than not that persecution would occur." *Bhasin*, 423 F.3d at 985 (internal quotation marks omitted); *see* 8 U.S.C. § 1231(b)(3). An alien may satisfy that burden by establishing an objective risk of future persecution based on either (1) a "reasonable probability" that he will be "singled out individually for persecution" if removed, or (2) a "pattern or practice" of persecution on account of his protected class. *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009); 8 C.F.R. § 1208.16(b). We have explained that

> [t]o establish the objective [risk] of future persecution via the "pattern or practice" route, an applicant for withholding of removal must demonstrate, first, that "in [his home] country there is a pattern or practice of persecution of a group of persons similarly situated to the applicant on account of [a protected ground], and second, that by reason of his "inclusion in and identification with such group of persons such that it is more likely than not that his . . . life or freedom would be threatened upon return to that country."

*Wakkary*, 558 F.3d at 1060 (quoting 8 C.F.R. § 208.16(b)(2)(i)-(ii)) (third alteration in original).

5

Here, the Board failed to "fully explain[]" its reasons for denying Abo's motion. *Franco-Rosendo*, 454 F.3d 966. In particular, the Board did not explain whether its denial of reopening was based on a determination that Abo failed to show a reasonable probability that a pattern or practice of persecution against Iraqi Christians existed, or a determination that despite the broadly adverse treatment of Christians in Iraq since the fall of Saddam Hussein, well-documented in the record, "it is [not] more likely than not that *his* . . . life or freedom would be threatened upon return [to Iraq]." *Wakkary*, 558 F.3d at 1060 (emphasis added); *see id.* at 1065 (holding that "an applicant's membership in a disfavored group is . . . relevant to assessing the likelihood of individual targeting in the withholding [of removal] context"). "Without knowing the basis of the Board's decision, we cannot conduct a meaningful review. We therefore remand to the BIA for a clear explanation." *Delgado v. Holder*, 648 F.3d 1095, 1108 (9th Cir. 2011) (en banc).

**PETITION GRANTED and REMANDED.**